DAVID EVANS *vs.* WILLIAM H. WARREN & another.

Norfolk. Jan. 24. — March 7, 1877. MORTON & ENDICOTT, JJ., absent.

A mortgagee of personal property, by attaching the same in an action for the debt, waives his claim under the mortgage.

REPLEVIN of certain articles of personal property. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, on an agreed statement of facts in substance as follows :

In July, 1875, one Nancy Walsh brought an action against the plaintiff on a promissory note which was then due and owing by him to her, and attached the goods and chattels replevied, belonging to the plaintiff, which were the same goods and chattels described in a mortgage given by him to her to secure the payment of the note. The attachment was dissolved by the plaintiff according to law. After the attachment was dissolved,

and while the action on the note was pending, Walsh commenced a foreclosure of the mortgage for a breach of its conditions in the non-payment of the note, and authorized the defendants to take possession for her of the mortgaged goods and chattels, for the purpose of completing the foreclosure by selling the same, of which due notice was given. While the defendants were holding such possession, this action was brought.

No notice or intimation, prior to the commencement of this action, of any abandonment or waiver of any claim of hers upon, or interest in, the goods and chattels, which she might have under and by virtue of the mortgage, was given by Walsh to the plaintiff, except so far as the action on the note might be construed as a notice of such abandonment or waiver.

If, upon this statement of facts, the court found for the plaintiff, judgment for his possession of the goods and chattels replevied, with one dollar damages, was to be entered ; otherwise, judgment for the defendants, without damages.

*J. E. Cotter*, for the plaintiff.

*B. D. Washburn*, for the defendants, cited *Atkins* v. *Sawyer*, 1 Pick. 351; *Washburn* v. *Goodwin*, 17 Pick. 137; *Prout* v. *Root*, 116 Mass. 410.

LORD, J. A party holding personal property by virtue of a mortgage or pledge may waive his claim under such mortgage or pledge, and attach the property in a suit to recover the debt for which the mortgage or pledge was given. *Buck* v. *Ingersoll*, 11 Met. 226, 232. Such attachment is, in itself, a waiver of the claim under the mortgage. The liens respectively created by mortgage and by attachment on the same property are essentially different, and cannot coexist. They affect very differently, also, the rights of third persons. A stranger may attach personal property subject to the incumbrance of a prior lien by attachment, with no responsibility for such prior lien ; if the lien is by mortgage, he must pay the amount secured by such mortgage, before his attachment is effectual. We have no need to discuss the question whether the same rule shall apply to an attachment of the equity of redemption of personal property, to secure the payment of the mortgage debt, as applies to the equity of redemption of real property ; for, in this Commonwealth, the equity of redemption of personal property is not attachable

The only mode by which a mortgagor's interest in mortgaged personal property can be reached by attachment is that pointed out in the Gen. Sts. c. 123, §§ 62–71.

It was argued by the defendants' counsel that the attachment was a mere nullity, of no effect whatever. The mortgagee certainly cannot treat, as a nullity, an act of himself, to relieve from the effect of which the mortgagor is compelled to give a bond, with sureties, either to pay the whole mortgage debt, or, at least, the whole value of the mortgaged property. It is not necessary even to allude to the extraordinary condition of things which would exist, if the creditor should be permitted to claim at different times, according to varying circumstances, as either mortgagee or attaching creditor, or both, at his election.

*Judgment for the plaintiff.*