## ELLINWOOD *v.* HOLT.

An attachment of mortgaged personal property by the holder of the mortgage, in an action founded in part upon a note for which the mortgage is held as collateral security, which is defeated by forcible seizure of the property by an officer claiming it under a prior attachment, is not a waiver of the mortgage as to such prior attachment.

TROVER, for two horses, two harnesses, and a wagon.   Facts found by a referee.   June 26, 1878, H. F. Marcy mortgaged the property in controversy to W. S. Bonney to secure a note for $260, and the mortgage was duly recorded.   June 27, 1878, Bonney indorsed the Marcy note, and delivered it with the mortgage to the plaintiff to secure his note to the plaintiff for $100 borrowed money.   August 10, 1878, the mortgaged property, then being in Bonney's possession in a stable occupied by him in Keene, was attached by the defendant, as sheriff of Cheshire county, on a writ in favor of one Nichols against Bonney, and left in the stable in charge of a keeper.   August 13, 1878, the plaintiff, having a writ against Bonney founded upon the $100 note, and a note of an earlier date for $350, and having also the mortgage from Marcy to Bonney in his possession, entered the stable in the absence of the defendant's keeper, the door being unfastened, with an officer, who attached the property on the plaintiff's writ and placed the plaintiff in possession as keeper.   The plaintiff remained in possession until the next day when he was ejected by the defendant, who took the property from him and subsequently sold it on the execution issued on the judgment recovered by Nichols against Bonney.   The plaintiff's action against Bonney was entered in court and defaulted, but no judgment was ever entered up or execution issued.

*Morrison & Bartlett*, for the plaintiff.

*J. H. Andrews* and *H. E. Burnham,* for the defendant.

CLARK, J.   The plaintiff's title under the Marcy mortgage is valid against the defendant's attachment.   The objection, that the plaintiff, by attaching the property, waived his rights under the mortgage, is not open to the defendant.   Whatever may be the effect of an attachment of mortgaged personal property by the holder of the mortgage in ordinary cases *(Haynes* v. *Sanborn,* 45 N. H. 429, and *Evans* v. *Warren,* 122 Mass. 303), the defendant, having elected to treat the plaintiff's attempted attachment as a nullity and forcibly taken possession and sold the property, cannot afterwards insist on the attachment as valid to defeat the mortgage.   Big. Est. (3d ed.) 562; *Butler* v. *Hildreth,* 5 Met. 49; *Scholey* v. *Rew,* 23 Wall. 331.

*Judgment for the plaintiff on the report.*

BINGHAM, J., did not sit: the others concurred.