Turner v. Langdon.

TURNER *et al., Appellants,* v. LANGDON.

1. **Replevin:** PRIMA FACIE CASE. Where, in an action for the possession of personal property, the plaintiff makes proof of a chattel mortgage to him, valid on its face, the possession of the property by the mortgageor, the record of the mortgage and the maturity of the debt the mortgage was given to secure, he makes out a *prima facie* case, and it is error for the court to direct a verdict for the defendant.

2. **Practice:** QUESTION FOR JURY. Where, in such action, the evidence leaves it doubtful whether or not the mortgage was recorded before the execution under which defendant claims was levied, the question should be submitted to the jury.

*Appeal from Buchanan Circuit Court.*—HON. W. H. SHERMAN, JUDGE.

REVERSED.

*Thomas & James* for appellants.

(1) The description of the property in the chattel mortgage is sufficient. *Jones v. Richardson,* 10 Metcalf (Mass.) 481; *Hardin v. Coburn,* 12 Metcalf (Mass.) 333; Jones on Chattel Mortgage, sec. 65. (2) A mortgagee of personal property, after default, is regarded as the absolute owner. 4 Kent 138; *Williams v. Rover,* 7 Mo. 556; *Robertson v. Campbell,* 8 Mo. 365; *Id.* 615. (3) A mortgagee of personal property may recover the possession thereof by replevin. *Lacy v. Gibbony,* 36 Mo. 320; *Pace v. Pierce,* 49 Mo. 393; *Williamson v. Gottschalk,* 1 Mo. App. 425; *Keck v. Fisher,* 58 Mo. 532. (4) If the

defendant claimed the property under an execution by virtue of being deputy constable, it devolved upon him to show : first, a valid judgment, and, second, a regular execution, and this could only be done by putting in evidence the judgment and execution. 2 Greenleaf on Evidence, sec. 629 ; *Lee v. Lee*, 21 Mo. 534 ; *Ramsey v. Waters*, 1 Mo. 406 ; *Morrison v. Dent*, 1 Mo. 246 ; *Wright v. Crockett*, 7 Mo. 128. (5) If the defendant had shown a valid judgment and execution, and that he was deputy constable, still the action was properly brought against him. *Criley et al. v. Vasel*, 52 Mo. 445–449. (6) The instruction asked by defendant should not have been given, if by giving to the testimony every reasonable intendment in plaintiffs' favor, drawing every conclusion from it, favorable to the plaintiffs, that a jury might justifiably have drawn, and conceding to it the greatest probative force to which, according to the law of evidence, it is entitled, it will warrant a verdict in their favor. *Parks v. Ross*, 11 Howard (U. S.) 373 ; *Pauling v. United States*, 4 Cranch 219 ; *Pleasants v. Fant*, 22 Wallace, 116 ; *Finney v. N. P. Ry. Co.*, Sup. Ct. Dakota, June 16, 1883 ; 16 N. W. Rep. 500 ; 17 Cent. Law Journal, 240 ; *Kelly v. Han. & St. Joe Ry. Co.*, 70 Mo. 608 ; Charging the Jury, by Thompson, page 38, and authorities there cited. (7) The property actually taken by the sheriff under writ in this case from defendant is shown, by the evidence of Adams, to be the property described in the petition ; the defendant, in fixing the value of the property, the possession of which he claimed, fixed the value of the goods in the store on the nineteenth day of April, 1881, thereby admitting that they were the goods taken from him by the sheriff under the writ in this case

BLACK, J.—The plaintiffs, Turner, Frazer, Parry and West, partners under the firm name of Turner, Frazer & Co., and Douglass and Wiehl, partners under the firm name of R. Douglass & Co., commenced this suit in

replevin on the thirtieth of April, 1881, to recover certain personal property. The defendant answered that he was the legal owner of the property, and prayed judgment for a return thereof. The evidence shows that Richey was in possession of the property, and on the nineteenth of April, 1881, made a mortgage on the property to plaintiff to secure two debts, one due to each of said firms. The mortgage was recorded on the twenty-second of April, 1881, at half past five o'clock, p. m. Both debts were due when this suit was commenced.

Mr. Adams testified that on the twenty-second of April he inquired at the recorder's office and found no mortgage of record. He then had the defendant, as deputy constable, to levy on the goods. He says he returned to the recorder's office on the same day, and found the mortgage recorded. There was evidence of the value of the goods. On this evidence the court directed a verdict for the defendant. The respondent has filed no abstract or brief, and hence his position with respect to this appeal is left to conjecture.

The chattel mortgage is not fraudulent on its face, and there was no sufficient evidence to direct a verdict on the ground of fraud. Proof of the possession of the property by Richey, and the recorded mortgage from him to the plaintiffs, and proof of the maturity of the debt, made a *prima facie* case for the plaintiffs. Mr. Adams, the witness, does not show, affirmatively, that the execution was levied before the mortgage was recorded. The execution was not read in evidence, nor does the record show when or by whom it was issued. The triers of fact might infer that the execution was levied before the mortgage was recorded, but this did not justify the court in assuming that to be the fact. This court has said where a "material fact is left in doubt, or there were inferences to be drawn from facts proved, the case, under proper instructions, should be submitted to the jury." *Kelly v. Ry. Co.*, 70 Mo. 604–608.

The judgment is reversed and the cause remanded. Norton and Sherwood, JJ., dissent. The other judges concur.

SHERWOOD, J., DISSENTING.—In actions like the present one, the *onus probandi* is on the plaintiff, to establish the allegations of the petition, that at the time of the caption he had a general or special property in the goods taken, and the right of immediate and exclusive possession. 2 Greenleaf on Evidence, sec. 561; *Cross v. Hulett*, 53 Mo. 397. The issues on these points were fairly raised by the answer denying the allegations of the petition and alleging title in the defendant, and that he was also entitled to the possession of the property. And where the issue is on the plaintiff's property his right to the possession at the time of taking is also involved in the issue. 2 Greenleaf on Evidence, sec. 563, and cases cited. And a plaintiff in an action of replevin must rely upon the strength of his own title, and if he fails to show title in himself, it is wholly immaterial whether the defendant has title or not. *Johnson v. Neale,* 6 Allen 227, and cases cited.

Under issues such as are raised by the pleadings herein, it has been ruled that any evidence is admissible on the part of the defendant, going to show that the plaintiff has neither property nor the right of possession, *e. g.*, that the title was in a stranger: *Schulenberg v. Harriman*, 21 Wall. 44. How have the plaintiffs met the issues raised by the pleadings? They have shown a chattel mortgage for the goods, which secured to them the payment of the debts therein specified. But it nowhere appears that those debts were due on the day the mortgage was filed for record. On the contrary, it appears that such debts became due some time afterward. Of course, under the rulings of this court, the plaintiffs, until their debt became due, and condition of the mortgage being thus broken, were not entitled to the

possession of the goods. *Sheble v. Curdt*, 56 Mo. 437 ; *Barnett v. Timberlake*, 57 Mo. 499. This being the case, the levy by the constable of the execution on the goods gave him such a special property in the goods as would suffice to defeat plaintiffs' action, unless their mortgage was registered prior to the levy of the execution. Was such registry prior to such levy ? If the testimony of Adams, the witness of plaintiffs, and the only witness on this point, be taken as true, the tendency of that testimony, and its only tendency, is to show that the levy of the execution occurred prior to the levy of the mortgage. There is no escape from this conclusion. At all events, his testimony, to state the case as strongly as possible for the plaintiffs, and more strongly than the evidence warrants, leaves it in serious doubt as to which, the levy or the registry, was prior in point of time. Now, on whom did the *onus* lie to resolve this doubt; to make it clear which had priority, the levy or the mortgage ? Under the authorities, that burden was on the shoulders of the plaintiffs. Have they met the requirement of the law in this particular ? If they have, I have not been able to find any evidence thereof.

It does not appear in whose favor the execution in question issued, nor is it material to know. The plaintiffs, themselves, without objection from defendant, introduced testimony that an execution in the hands of the defendant was levied on the goods in dispute, and it must, therefore, be presumed that the execution was in all respects valid and based on a valid judgment. For these reasons I discover no error in the record, and am for affirming the judgment, and, therefore, dissent from the conclusion reached by the majority of the court. Norton, J., concurs with me.