Frank O. Vogel, Respondent, v. August Gast et al.,
Appellants.

St. Louis Court of Appeals, December 22, 1885.

1. Gifts—Chattels.—A gift of a chattel to take effect in the future is
   without consideration and non-enforceable.

2. ——— To establish a gift of a chattel, delivery, either actual or con-
   structive, must be shown.

3. ——— *Quære :* will a direction from the donor to the bailee to de-
   liver the property to the donee, consummate the gift, unless the
   order be executed by the bailee ?

Appeal from the St. Loius Circuit Court, Amos M.
Thayer, Judge.

*Reversed and remanded.*

Klein & Fisse, for the appellants.

B. Schnurmacker, for the respondent.

Thompson, J., delivered the opinion of the court.

This action is for damages for the breach of a con-
tract, whereby the defendants agreed to manufacture for
and deliver to the plaintiff certain books at an agreed
price. The breach alleged is, that after the defendants
had manufactured the books, as agreed, and the plaintiff
had paid a portion of the agreed price, he tendered the
balance, but the defendants, nevertheless, refused to
deliver them. The answer, among other things, admitted
the making of the contract, the manufacture by the
defendants of the books, and the partial payments made
by the plaintiff, as alleged in the petition, but denied
that he had ever tendered the balance of the purchase
money as alleged. On the contrary the answer averred
that, after the defendants had manufactured the books
as agreed upon, and had notified the plaintiff of their

readiness to deliver them upon the payment of the balance of the agreed price, the plaintiff had left them in store with the defendants, and that they had been burned up in a fire which had consumed the defendants' establishment. The plaintiff had a verdict and judgment.

Leaving out of view other elements of the case presented by the pleadings and the evidence, it is sufficient to say that the substantial contest at the trial was, whether, after the books had been manufactured as called for by the contract, the plaintiff had, on the seventh day of March, 1884, tendered to the defendants what remained due of the contract price. The only dispute as to what remained due arose in this way : the plaintiff had been introduced to the defendants by one Eisele, to whom the defendants had agreed to pay a commission of ten per cent. for procuring for them the plaintiff's order. After the books had been manufactured, Eisele had requested of the defendants the payment of this commission; they had admitted their obligation to pay it, and had told him that they would pay it as soon as the plaintiff had completed the payment of the price agreed upon for the manufacture of the books. Thereafter, according to the testimony of the plaintiff and Eisele, which is not contradicted, Eisele, being at the plaintiff's house on a visit, and hearing the plaintiff say that he was hard up, told the plaintiff that the defendants had agreed to give him, Eisele, a commission of ten per cent. upon the amount which the plaintiff was to pay the defendants for manufacturing the books, and that he, Eisele, would give his commission to the plaintiff. The plaintiff, on the fifth of March, 1884, notified the defendants orally that Eisele had given the plaintiff this commission, and that he should expect them to deduct the amount of the sum from the balance which he owed them for manufacturing the books. On the seventh of March he called upon them, offered to pay them this balance, less the commission, and requested them to deliver to him the books. They declined to accede to this unless the plaintiff would procure a written order from

Eisele, transferring Eisele's claim for the commissions to the plaintiff, or unless he would have Eisele inform the defendants that he had made the transfer.   The plaintiff did neither of these things until the defendants' establishment had been destroyed by a fire, which took place toward the end of the following month.   After the fire, the defendants took the position that the goods had remained in their hands at the plaintiff's risk; their searches convinced them that they had been destroyed in the fire, and they, therefore, declined to accede to the plaintiff's demand for the repayment of the moneys which he had advanced on account of the purchase price, less the value of some of the books which had been delivered to him, and, also, for the return to him of some clothes and overcoats which the plaintiff had delivered to them in pledge in respect of the unpaid purchase money.   Their evidence tended to show that the books were destroyed in the fire, and this was not controverted at the trial.   But affidavits in support of their motion for a new trial show, that subsequently to the trial they had been found in the custody of Becktold & Company, bookbinders, to whom they had been delivered by the defendants before the fire, and who had bound the copies which had been delivered to the plaintiff.

What subsequently happened to the books is immaterial if the plaintiff's contention is well founded, that on the seventh of March, 1884, he tendered to the defendants what remained due of the purchase price and requested the delivery to him of the books, which they refused.   If this was true, the contract was broken by them on that day; the plaintiff was not bound to keep the tender good, or to make any subsequent tender, but was entitled on that day, or at any time thereafter, until the bringing of the present action, to sue as he has done for the damages resulting to him.

It is quite clear that the plaintiff presented no evidence such as should have taken the case to the jury upon this question, because he presented no evidence tending to show an executed gift of the commissions by

Eisele to him, such as was necessary to pass the title to him. It is essential to the validity of a gift that it go into effect at once and completely. If it is to take effect in the future, it is but a promise without consideration, and, hence, has no legal validity. *Spencer v. Vance*, 57 Mo. 427. It is, therefore, necessary in every case, in order to establish a gift of a chattel, to show a delivery. It is true that this delivery need not be in every case a full manual delivery. It is sufficient that it be such a delivery as the thing is capable of. It may, therefore, be in some cases a symbolical or constructive delivery. 1 Pars. Cont. 234. Where, as here, the subject of the gift is in the custody of a third person, the least that the above rule of law can accept as a constructive or symbolical delivery, is an order from the donor to the bailee to deliver the subject of the gift to the donee. We do not decide whether or not that would be sufficient, but we have no difficulty in holding that where that has not been done there has been no valid gift. There was, therefore, no competent evidence that the plaintiff tendered to the defendants the amount due them under the contract on or before the seventh of March, 1884. There was, hence, no evidence to warrant the principal instruction on which the court put it to the jury.

The judgment is reversed and the cause remanded. All the judges concur.