AUGUST BOETTGER, Respondent, v. ALBERT H. ROEHLING, Defendant; CHARLES E. HANNAUER, Appellant.

.St. Louis Court of Appeals, March 29, 1898.

| 74 | 257 |
| 84 | 519 |
| 74 | 257 |
| e94 | 1601 |
| 74 | 257 |
| 95 | 1349 |

1. **Attachment**: INTERPLEA: PRACTICE, TRIAL. Respondent attached the property as the property of defendant, and he can not in the same suit or in any branch of the same suit deny the title of the defendant, by asserting the same to be in himself. In short, he can not for the purpose of maintaining the attachment branch of his case, assert title to the property attached, in the defendant, and for the purpose of defending the interplea branch of the case deny that title by asserting title in himself. Such inconsistency, such shifting of position in a suit, should not be tolerated in a court of justice.

2. **Attachment**: INTERPLEA: REPLEVIN. An interplea may be termed an action of law grafted on the attachment law. The interplea is, however, a graft and not an original suit.

3. ———: ———: ———. The interplea is an assertion of title to the property attached in the interpleader, superior to that of the defendant in the attachment suit.

4. ———: ———: ———. The plaintiff in the attachment suit is by the interplea challenged to defend the title which he has asserted to be in the defendant by attaching it as his property, and in this attitude he may be said to occupy the position of a defendant in a replevin suit; but he is not for that reason permitted to assume a position inconsistent with the one which he took when he directed the property to be attached as the property of defendant.

*Appeal from the St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

REVERSED AND REMANDED (*with directions*).

O. J. and R. LEE MUDD for appellant.

The most prominent issue developed by the record and briefs is that arising out of the attempt of respond-

VOL. 74 app—17

ent, as plaintiff in attachment, to defeat an interpleader, not by maintaining a superior claim to defendant's title in the property by virtue of the attachment proceedings, but by repudiating all title in the attachment defendant, asserting title in himself independent of his position as attachment plaintiff, and in flat contradiction of his affidavit in the attachment suit. As to this issue, we stand upon our points and authorities in former briefs. We stand by the opinion of the court on this issue. The opinion of the court is the only opinion that can be written by a court on this issue. It is the inevitable logic of the authorities and the necessities of legal reasoning. It is the law. But it is contended by respondent that two decisions of the supreme court of this state are in conflict with the opinion of the court in this case. Decker v. Armstrong, 87 Mo. 316, and Blodgett v. Perry, 97 Mo. 263. We should therefore review these two cases with reference only to their supposed conflict with the opinion of the court in this case. Decker v. Armstrong, *supra.* It is true that an interplea in attachment is in the nature of a replevin suit engrafted upon the attachment; and it is true that defendant may defeat replevin by showing title in a third person; but it does not follow hence that plaintiff in attachment may meet an interplea by showing that the title was not, at the time of the attachment, in the defendant. Plaintiff must in attachment show that title was and is in defendant and nobody else. Plaintiff's only standing in the case is his right, by reason of the matters stated in his affidavit, to attach and appropriate defendant's goods to satisfy the debt of defendant to him. Stokes v. Burns, 132 Mo. 214. If plaintiff had a good cause for attachment it was because the conveyance to interpleader was fraudulent. If that were true he must prevail with his attachment, and why try to abandon his attach-

ment. He can not interplead in his own suit. The right of interpleader in attachment was created by the statute for the benefit of claimants other than the parties to the suit. Plaintiff tries to escape the logic of the premises by saying he did not attach his own goods, but attached some interest in the goods that defendant had. But if plaintiff's mortgages be valid, then defendant had nothing to attach. The debt secured by both mortgages was overdue. There was a forfeiture under both mortgages. A mortgagor after default has no legal right in the property—personalty —which he can assert, has nothing but a right to redeem in equity. Title in the mortgagee is absolute. Jackson v. Cunningham, 28 Mo. App. 354. The right of the mortgagor to redeem after forfeiture, is not a property subject to attachment or execution. State ex rel. v. Carroll, 24 Mo. App. 358; King v. Bailey, 8 Mo. loc. cit. 334; Yeldell v. Stemmons, 15 Mo. 443.

FISSE & KORTJOHN for respondent.

Where plaintiff in an attachment suit levied upon real estate as that of another, while as a matter of fact the title was in him, and where said attachment was prosecuted to final judgment and the property sold as the property of defendant, and purchased by a third person, there the plaintiff is not estopped from afterward showing as against such purchaser at sheriff's sale, that the title of the real estate was really in plaintiff, and not in the attachment debtor. Blodgett v. Perry, 97 Mo. 263. There can be no estoppel *in pais* without the following elements: *First.* There must have been a false representation or concealment of material facts. *Second.* The representation must have been made with knowledge of the facts. *Third.* The party to whom it was made must have been ignorant

of the truth of the matter. *Fourth.* It must have been made with the intention that the other party should act upon it. *Fifth.* The other party must have been induced to act upon it. Blodgett v. Perry, 97 Mo. 263. Where a creditor levies upon his own property, believing it to be the property of the debtor, and the return of the sheriff on the execution recites that on the twelfth day of August, 1880, he levied upon the property in controversy as the property of the defendant in the execution, and sold it to one North for $264, which sum, after deducting costs, was credited on the execution, there, in an action by the defendant against the sheriff and the plaintiff in the execution for levying on exempt property, the sheriff and the plaintiff in the execution are not estopped from showing that the property did not really belong to the execution defendant, but to the execution plaintiff. Decker v. Armstrong, 87 Mo. 316.

### ON MOTION FOR REHEARING.

BLAND, P. J.—We approve and appropriate the following from the opinion of Judge BOND, handed down at the October, 1897, term:

"On the 10th of February, 1896, plaintiff brought an attachment suit against defendant, whereunder a stock of merchandise was seized. Three days before the institution of this suit the property in question had been conveyed by defendant in trust to C. C. Hannauer, to secure certain pre-existing creditors. At the time of the levy of the attachment said trustee was in possession of the property under the conveyance to him. After the levy of the attachment he filed a statutory interplea, claiming title to the property as trustee. STATEMENT. During the progress of the cause the property was sold by order of court under the statute permitting sales in attachment proceedings.

Plaintiff had judgment on defendant's plea in abatement, and thereafter filed an amended answer to the interplea, claiming the property under two chattel mortgages executed to him by defendant covering the property attached, dated respectively August 1st, 1894, and September 14th, 1895, and duly recorded.

"Interpleader Hannauer moved to strike out this amended answer, and moved for judgment on the interplea. Both of these motions were overruled. Thereupon he filed a reply to said amended answer, and the cause was submitted to the court without a jury. It was admitted by plaintiff on the trial that notwithstanding the two mortgages under which he claimed title in his amended answer, he knew that the mortgagor (defendant) was disposing of the mortgaged property and effects in the ordinary course of business, rendering no account of such transactions. The court gave judgment on the interplea in favor of the plaintiff and against the interpleader. From which the interpleader appealed to this court.

"The only question to be determined is, whether or not under this record the judgment of the trial court can be affirmed. It is argued in support of the judgment that it is a mere finding against the interpleader, who being virtually a plaintiff in a suit to replevy the attached property was the representative as trustee of pre-existing creditors and could take no better title than was possessed by his grantor, whose title was subject to the two mortgages executed to plaintiff, even conceding that they were made to the use of the mortgagor. This argument does not meet the real difficulties presented by the record. The law is settled in this state that negotiable paper transferred merely as collateral security for a pre-existing debt without any other consideration passing at the time, vests the assignee with title to the instrument, subject to all the

equities and defenses which had attached to it in the hands of the original parties. Goodman v. Simonds, 19 Mo. 107; affirmed in Loewen v. Forsee, 137 Mo. loc. cit. 41, 42, 43. While the rule in the supreme court of the United States differs from ours, as to this species of personal property, there is no difference in the two jurisdictions as to the law governing other kinds of personal property, as well as real estate, which is that a conveyance as security only for an antecedent debt does not render the holder a *bona fide* purchaser for value, since the creditor parts with no value, surrenders no right, and is put in no worse legal condition than before the transaction. Bank v. Bales, 120 U. S. 556, 557; 2 Pom. Eq., sec. 567. Under this rule mortgages, deeds of trust and general assignments given merely to secure a prior indebtedness of the grantor, are subject to all conveyances of the same property enforcible against him. Russell v. Rutherford, 58 Mo. App. 553, and citations; Jacobi v. Jacobi, 101 Mo. 507; Napa Valley Wine Co. v. Rinehart, 42 Mo. App. 180. If the contest in this case involved only the relative rights of the plaintiff under the mortgages to him, and the interpleader claiming under a subsequent deed of trust from the same grantor, there could be no question as to the superior right of the prior mortgage, although made to the use of the mortgagor. The difficulty in the way of such a solution of the matter arises from the conduct of the plaintiff in not instituting an action of replevin for the property in dispute. Instead of asserting his own title in this matter, the plaintiff saw proper to bring an action of debt against defendant for the amounts secured by the mortgages and to attach the mortgaged property as belonging to defendant, thus inviting any person claiming title under defendant to interplead for the property. Thereupon the interpleader (Hannauer) intervened in the

proceeding, basing his claim on the deed of trust executed to him by the defendant. Plaintiff did not thereafter dismiss his attachment proceedings, but caused the goods which had been attached to be sold as the property of defendant and their proceeds paid into court.

"Plaintiff went further and established his right to attach by a judgment against defendant on the plea in abatement. He then by leave of court filed an amended answer to the interplea, claiming as his own the very property which he had impounded and converted into money as that of defendant. There is no theory of proper procedure justifying such a course. If the attachment suit and all proceedings thereunder had been reasonably dismissed and replevin properly resorted to by plaintiff, a different question would have been presented. These steps were not taken. On the contrary plaintiff pursued his remedy under the attachment process to the fullest extent, by turning the property seized into money, and sustaining his right to attach by a judgment on a plea in abatement. While this statute subsists plaintiff claims the right to assert, against a valid intervention by the interpleader as claimant of title under defendant, that the property did not belong to defendant, but belonged to the plaintiff, thus contradicting the pleadings and the whole theory upon which plaintiff obtained the fruits of the writ of attachment. We are aware of no precedent or principle of law enabling the plaintiff to hold the money paid into the court in this case as the proceeds of the property of defendant with one hand, and to take it with the other hand from a valid transferee of the title of defendant as being the property of the plaintiff himself. Such inconsistency and contradiction in the enforcement of plaintiff's rights can not be supported by any of the cases governing election of

remedies. In all of these it must be shown that one proceeding has been dismissed before the other can be resorted to. It must further appear that nothing of value was received under the former proceeding, and that no detriment was caused by it, and that no rights of third parties had intervened. Johnson-Brinkman Com. Co. v. R'y, 126 Mo. 344; Stokes v. Burns, 132 Mo. 214; Anchor Milling Co. v. Walsh, 20 Mo. App. 106. In the case at bar the interpleader was induced by the nature of the suit brought by plaintiff to intervene therein; he has suffered detriment to the extent of the expense thus incurred. The plaintiff has not yet dismissed his attachment suit and is in no position to contradict the pleadings therein by way of defense to the interplea. The conceded facts show that interpleader was rightfully in possession of the property attached before the levy under a valid deed of trust.''

In the argument on the rehearing of the case respondent's counsel strenuously insist that an interplea in an attachment suit is a proceeding separate and apart from the attachment, is in the nature of a replevin suit for the recovery of the attached goods, and that as to such interplea the plaintiff in the attachment occupies the position of a defendant in a replevin suit, and hence can make any defense he may have. In Bank v. Kansas City Lime Co., 43 Mo. App. 561, it was said an interplea may be termed an action of replevin grafted on the attachment law. This case has been followed and approved in several recent cases by this court.

The interplea is, however, a graft and not an original suit. The interplea is an assertion of title to INTERPLEA: na- the property attached in the interpleader, ture of. superior to that of the defendant in the attachment suit. The plaintiff in the attachment is by the interplea challenged to defend the title which

he has asserted to be in the defendant by attaching it as his property, and in this attitude he may be said to occupy the position of a defendant in a replevin suit; but he is not for that reason permitted to assume a position inconsistent with the one which he took when he directed the property to be attached as the property of the defendant; he can not in the same suit be permitted to assume inconsistent positions. Bensieck v. Cook, 110 Mo. 173. The respondent got his attachment into court by attaching the property as the property of the defendant. His standing in court, so far as the attachment is concerned, is dependent upon the fact that it is the defendant's property. Can he in the same suit or in any branch of the same suit, deny that title by asserting title in himself? In short, can he for the purpose of maintaining the attachment branch of his case assert title to the property in the defendant, and for the purpose of defending the interplea branch of his case, deny that title by asserting title in himself? Such inconsistency, such shifting of position in a suit, should not be tolerated in a court of justice. The evidence as is conceded by respondent, should this point be ruled against him, entitles the interpleader to judgment. It is therefore considered that the judgment be reversed with directions that judgment be entered by the circuit court for the interpleader. All concur. Judge BIGGS in result only.

*PARTIES can not assume inconsistent positions in a suit.*