OTTUMWA   NATIONAL   BANK, Respondent,   v. GEORGE W. TOTTEN, Defendant; W. L. MADDEN, Interpleader, Appellant.

**St. Louis Court of Appeals, May 13, 1902.**

1. **Action:** ALTERNATIVE  REMEDY:  ATTACHMENT:  MORTGAGE: PRACTICE AND PROCEDURE: WAIVER OF REMEDY. In the case at bar, the record shows that plaintiff has obtained a final judgment against defendant sustaining the attachment, and also a final judgment on the merits and the plaintiff had two alternative and inconsistent rights, to-wit: to attach the property or to take possession and foreclose under its mortgage. It elected to attach and by so doing must be deemed to have abandoned or waived its right to proceed under the mortgage.

2. ———: ———: ———: ESTOPPEL. And it is by its election, estopped to assert its lien under the mortgage.

3. **Order Granting New Trial:** PAROL TESTIMONY: PRACTICE, TRIAL: PRACTICE, APPELLATE. An order granting a new trial

on the ground that the verdict of the court is against the evidence, will be affirmed by the Court of Appeals when the evidence is partly parol, it being reviewable in that court.

Appeal from Clark Circuit Court.—*Hon. Edwin R. McKee,* Judge.

AFFIRMED.

*John A. Whitesides,* with *Smoot & Smoot,* for interpleader.

(1) A party can not attach property of defendant and have it sold under writ of attachment, and then when interpleader claims same under mortgage, assert title independent of attachment. Boettger v. Roehling, 74 Mo. App. 257. (2) There was a forfeiture under the mortgage as is clearly shown by the petition of the plaintiff in the cause, and the right of the mortgagor to redeem after forfeiture is not subject to attachment or execution. State ex rel. v. Carrol, 24 Mo. App. 358. (3) The interplea in the attachment suit by Madden is not an original suit; it is simply an assertion of title in the property attached. 74 Mo. App. 264. (4) It is a challenge to the plaintiff in the attachment to defend the title which he has asserted to be in the defendant. See same authorities. And he is not for that reason permitted to assume a position inconsistent to the one which he took when he directed the property attached and sold. Bensieck v. Cook, 110 Mo. 172.

*Berkheimer & Dawson* for respondent.

(1) Jones on Chattel Mortgages (3 Ed.), last part of section 565, page 535, says: "Under a statute which makes a mortgage a mere lien upon the property without conferring any title to it, it is probable that an attachment of the mortgage property by the mortgagee would not amount to a waiver

of the mortgage lien, but would be a cumulative remedy."
(2)    In Tobener v. Hassenbosh, 76 Mo. App. 597, the court
says:    "Notwithstanding the law is stated to be that after
condition broken and possession ·taken under a chattel mort-
gage that the title is absolutely in the mortgagee, it is yet cer-
tain that it is not so, in an unqualified sense; the mortgagor
has rights in the property that are inconsistent with an ab-
solute title in the mortgage."    (3)    In Byram v. Stout, 26
N. E. 687, a well considered case, the court holds that by the
attachment plaintiff did not waive his mortgage lien.    (4)
To the same effect is Thurbar v. Jewett, 3 Mich. 299, in which
the court says.    "After judgment in the attachment suit, the
note undoubtedly merged in the judgment, and no further pro-
ceedings could be had directly upon the note, but it did not
defeat nor destroy the debt, and, therefore, did not defeat or
release the mortgage, for the condition of the mortgage is that
the mortgagor shall pay the debt and until the debt is actually
satisfied the mortgage remains in full force."    (5)    An inter-
pleader is *sui juris,* and under our statute is in the nature of
a replevin ingrafted on to an attachment.    No money judg-
ment can be rendered.    Spooner v. Ross, 24 Mo. App. 599;
Houser v. Breck, 55 Mo. App. 668; Williams v. Bradlen, 57
Mo. App. 317.

BLAND, P. J.—Plaintiff sued defendant by attach-
ment on three promissory notes and attached, as the property
of defendant, nine black mules of various ages, two Jersey
cows and twenty-five bushels of wheat.

At the April term, 1900, of the Clark Circuit Court,
plaintiff filed an amended petition wherein it is stated in sub-
stance that the defendant, on the twenty-first day of August,
1899, executed and delivered to plaintiff a chattel mortgage
on property (described) to secure said promissory notes, con-
ditioned that all of the property described in the mortgage
should remain on the premises of the mortgagor, where the

same were situated at the date of the giving of the mortgage, until the full payment of all of the indebtedness secured by the mortgage, and that any attempt to sell or dispose of the said property or to remove the same from the premises where they were at the time, would have the effect to make due and payable the three notes, which the mortgage was given to secure. That after the execution of the mortgage, defendant sold and delivered, to parties unknown to the plaintiff, nineteen head of the steers mentioned and described in the mortgage, also two cows, and that he fraudulently attempted to mortgage five of the mules embraced therein to one William Madden, and did actually make, execute and deliver to said Madden a mortgage for the same without the knowledge or consent of the plaintiff. That by reason of the violation of the terms of the said mortgage, all of the notes sued on became due and payable. After the property was attached, but before the filing of the interplea, plaintiff procured an order from the judge of the circuit court for its sale, by virtue of which order the sheriff sold the property and reported the proceeds of the sale to the court, which proceeds are yet held by the sheriff awaiting the final order of the court.

At the April term, 1900, of the court, William Madden filed his interplea claiming the property attached as his. To the interplea plaintiff filed its answer in two counts. The first was a general denial. The second alleged that the defendant, Totten, on the twenty-first day of August, 1899, executed to it a chattel mortgage to secure three promissory notes of the said Totten, therein described, which mortgage was duly filed with the recorder of deeds of Clark county on the twenty-fifth day of August, 1899, and that the property attached and sold by the sheriff in the suit was a part of the property embraced in the mortgage, and that at the time of the commencement of the suit there was a balance due to plaintiff, on the notes secured by the said mortgage, of one thousand dollars.

There was no reply filed to this answer.

The issues made by the interplea and the answer were submitted to the court without the intervention of a jury, who, after hearing the evidence, found the issues for the interpleader. In due time the plaintiff filed its motion for new trial stating as grounds therefor, among others, that the verdict of the court was against the evidence and against the law and the evidence. The court sustained the motion and assigned the following reason therefor:

"Now at this day comes the plaintiff by Berkheimer & Dawson, its attorneys, as well as defendant interpleader, William L. Madden, by Whiteside & Smoot, his attorneys, and the motion for a new trial heretofore filed by plaintiff against said interpleader coming on to be heard is by the court sustained for the reason, the court sitting as a jury in the trial of this cause under the law and the evidence should have been for the plaintiff bank and against the interpleader," but overruled said motion on all other grounds set up in said motion.

The interpleader moved the court to set aside the order granting a new trial, which motion the court overruled and the interpleader perfected his appeal.

The interpleader, to sustain his interplea, read in evidence a chattel mortgage executed by George W. Totten and Bettie Totten, his wife, to the interpleader on the seventeenth day of November, 1899, conveying to the interpleader nine mules and four cows to secure to interpleader the payment of a promissory note of even date with the mortgage, for three hundred and sixty dollars, due thirty days after date, payable to the interpleader and signed by George W. Totten and Bettie Totten, his wife. The mortgage was duly acknowledged on the date of its execution and filed for record on the following day.

The evidence is that the property was kept on the Folker farm in Clark county, upon which Totten, the defendant, resided.

The evidence for the interpleader tends to show that on

the day the property was attached and before the attachment was levied, defendant Totten sent for Madden and turned the property over to him and told him to take it; that as he was about to drive it away from the premises the sheriff rode up and took the property out of his possession.

Plaintiff read in evidence a chattel mortgage executed by George W. Totten, on the twenty-first day of August, 1899, conveying to it a large amount of personal property including the property levied upon. This mortgage was duly acknowledged and recorded on the twenty-first day of August, 1899.

The interpleader testified also that the mules and cows attached by the sheriff were the same mules and cows as are described on his chattel mortgage from Totten and wife.

No declarations of law were asked or given.

I. The principal question presented by the record is, whether or not the plaintiff by causing the property in controversy to be seized under the writ of attachment sued out by it, thereby waived its right to claim the property under its mortgage against the interpleader.

In Boettger v. Roehling, 74 Mo. App. 257, it was held by this court that a plaintiff in an attachment suit, after having the property attached, could not, for the purpose of defeating an interplea for the property, show that he was entitled to the property under a chattel mortgage executed to him by the defendant prior in date to the accrual of the interest of the interpleader.

In Evans v. Warren, 122 Mass. 303, it was held that the mortgagee of personal property by attaching the same in an action for the debt, waives his claim under the mortgage; that the liens respectively created by mortgage and attachment on the same property are essentially different, and can not coexist; that they very differently affect also the rights of third parties, and that under the laws of the State of Massachusetts the equity of redemption of personal property to secure the payment of the mortgage debt is not attachable. The court

says in the conclusion of the opinion: "It is not necessary even to allude to the extraordinary condition of things which would exist, if the creditor should be permitted to claim at different times, according to varying circumstances, as either mortgagee or attaching creditor, or both, at his election."

In Jones on Chattel Mortgages, section 565, it is said: "An attachment of the mortgaged property by the mortgagee for the mortgage debt is a waiver of his lien under the mortgage;" citing in a footnote Evans v. Warren, supra; Whitney v. Farrar, 51 Me. 418; Libby v. Cushman, 29 Me. 429; Dyckman v. Sevagson, 39 Minn. 132, as supporting the text. In this State a mortgagor's interest in personal property is not subject to attachment or execution. Pollock v. Douglas, 56 Mo. App. 487; Brown v. Hawkins, 54 Mo. App. 75; The State to use v. Carroll, 24 Mo. App. 358; Young v. Schofield, 132 Mo. 650; Godman v. Simmons, 113 Mo. 122. So that the reasoning in the Massachusetts case applies as well here as in that State.

In Byram v. Stout, 26 N. E. Rep. 687, Evans v. Warren, supra, is criticised and disapproved, and it was held that a mortgagee of chattels does not, by suing out an attachment and causing it to be levied upon the mortgaged property thereby release his mortgage lien, but it is held under the statutes of that State (Indiana) that the mortgagee is but a lienholder and that personal property under mortgage may be levied upon and sold by execution subject to the mortgage lien. In this respect, to-wit, that the mortgagee is but a lienholder and that the mortgaged property may be sold under execution, the law of Indiana is different from the law here and in Massachusetts, and the cases are distinguishable on account of this difference in the status of the mortgaged property.

In Chicago Title & Trust Company v. O'Marr, 46 Pac. Rep. 809, it was held by the Supreme Court of Montana that, "A creditor does not waive his lien under a chattel mortgage by attaching his debtor's property while the mortgage is still

in force." This holding was upon the ground that the attachment was unauthorized under the laws of that State.

In Thurber v. Jewett, 3 Mich. l. c. 302, the court said: "Indeed, it would seem that the idea that the mortgage would be released by the commencement of a suit upon the note, is predicated upon the supposition that the mortgagor has an equity of redemption at common law, but no right remains in the mortgagor of personal property precisely corresponding with an equity of redemption of real estate, it having been the prevailing doctrine, that the mortgagee of chattels is the legal owner, and that by a breach of condition the mortgagor's title is absolutely forfeited. If the doctrine can be maintained that a suit upon a note (by attachment) releases the mortgage given to secure it, two securities can be no better than one, for then by an attempt to enforce the one, the other must be extinguished."

In 2 Gall. 252, Judge STORY says: "Upon principle, there would seem to be no reason to restrain the mortgagee from every remedy *in rem* and *in personam* until he has obtained full satisfaction of his debt."

It is well-settled law in this State that a chattel mortgage is but an incident to the debt secured thereby, and after condition broken the legal title to the property mortgaged is in the mortgagee (Lacey v. Giboney, 36 Mo. 320; Johnson v. Houston, 47 Mo. 227), and that the mortgagee may maintain replevin for the mortgaged property. Willison v. Smith, 52 Mo. App. 85; Turner v. Langdon, 85 Mo. 438; Hausmann v. Hope, 20 Mo. App. 193.

We think the true solution of the question lies in the fact as to whether or not the remedies are concurrent or inconsistent; and if inconsistent, then the plaintiff by electing to pursue either, after pursuing that one to a successful termination, is estopped thereafter to resort to the other. That the remedies are inconsistent is too plain to require argument or the citation of authorities in support.

The record shows that plaintiff has obtained a final judgment against Totten sustaining the attachments and also a final judgment on the merits.   The plaintiff undoubtedly had two alternative and inconsistent rights, to-wit, to attach the property, or to take possession and foreclose under its mortgage.   It elected to attach, and by so doing must be deemed to have abandoned or waived its right to proceed under the mortgage.   Metcalf v. Williams, 144 Mass. 452-4.   And it is, by its election, according to all the authorities, estopped to assert its lien under the mortgage.   Nanson v. Jacob, 93 Mo. 331; Estes v. Reynolds, 75 Mo. 563; Fischer v. Siekmann, 125 Mo. 1. c. 180, and cases cited.   A party is not estopped by his election of one of two inconsistent remedies, if before final judgment he dismisses his suit and then adopts the other remedy.   Johnson-Brinkman Com. Co. v. Mo. Pac. R'y Co., 126 Mo. 344.   But he can not, to use the language of the court in Evans v. Evans, supra, "be permitted to claim at different times, according to varying circumstances, as either mortgagee or attaching creditor, or both, at his election."

II.   There is some question as to the sufficiency of the description of the property in Madden's mortgage.   The description is somewhat vague and indefinite.   Its sufficiency may depend somewhat upon extraneous facts.   As no declarations of law were given, we are unadvised whether or not the court found the description insufficient, or that the property attached was not the property mentioned in the interpleader's mortgage.

The motion for new trial was granted on the ground that the verdict of the court was against the evidence.   The evidence, being partly parol, is not reviewable here and we affirm the judgment.   *Barclay* and *Goode, JJ.,* concur in second paragraph.