Sullivan,
June 29, 1905.

### GUNNISON v. ABBOTT & a.

A vendor who attaches the goods sold in an action against the vendee may be estopped to thereafter rescind the sale for fraud and reclaim the property, as against subsequent attaching creditors; and whether he is so estopped in a given case is a question of fact.

TROVER, by a sheriff, against receiptors for attached property. Trial before *Peaslee*, J., at the November term, 1904, of the superior court, and verdict for the plaintiff, to which the defendants excepted.

In July, 1903, one Daniels fraudulently obtained a pair of horses from the defendant Abbott, giving therefor $25 in cash, a horse obtained from a third person through fraud, and a bogus check. He obtained several horses in a similar way and decamped with them, but was arrested a few days later and brought back to this state, together with a number of horses, including those obtained from Abbott. July 31, Abbott directed the plaintiff to attach the horses in an action against Daniels for fraud and conversion. One Chellis had a claim against Daniels antedating all the foregoing transactions, and while he knew that Daniels had been obtaining horses through fraud, he did not know what particular animals were so acquired. He sued Daniels and directed the plaintiff to attach all the horses, his action being subsequent to the Abbott attachment. Abbott, who had been advised by his counsel to rescind the sale to Daniels because of fraud and to reclaim his horses, then tendered to the plaintiff the horse and money received from Daniels and demanded that his property be returned to him. The plaintiff declined the tender and refused to give up the horses, and thereupon the defendants gave the receipt now in suit. The present action was brought in October, 1904, and at the first term Abbott paid the sum of $25 into court. The horse traded to him by Daniels had previously been returned to the person from whom the latter obtained it.

*Burt Chellis* and *Leon E. Paige*, for the plaintiff.

*Albert S. Wait*, for the defendants.

BINGHAM, J.   Chellis is the plaintiff in interest, and the case will be considered as though he were the plaintiff of record.   The general verdict in his favor includes a finding that he knew at the time he attached the horses on the writ against Daniels that Abbott had previously attached them as Daniels property, and that relying thereon he attached them and changed his position.   Such a finding is not only not inconsistent with the special facts found in the case, but could reasonably be inferred from them.   Under these circumstances, if Abbott were allowed to rescind the sale to Daniels and hold the horses as his own Chellis would suffer a detriment, for he would be liable in damages as a tort-feasor. *Farley* v. *Lincoln*, 51 N. H. 577; *Moody* v. *Drown*, 58 N. H. 45; *Thurston* v. *Blanchard*, 22 Pick. 18.   It follows that Abbott is estopped to set up a right to rescind the sale because of Daniels' fraud (*Haynes* v. *Sanborn*, 45 N. H. 429; *Carpenter* v. *Cummings*, 40 N. H. 158; *Evans* v. *Warren*, 122 Mass. 303), and that there should be judgment for the plaintiff.

*Exception overruled.*

All concurred.