HARRISON J. LIBBY & als. *versus* EDWARD T. CUSHMAN.

The mortgagee of personal property, who has taken possession of the property, may, before foreclosure, waive his lien under his mortgage and attach the same upon the debt secured by it.

A mortgagee who by attaching the property waives his lien, has no longer a title to the property as owner, and consequently is not obliged to account for its value.

The right of possession of personal property mortgaged is in the mortgagee, before as well as after a breach of the condition, unless controlled by some agreement between the parties. — Per TENNEY, J.

ASSUMPSIT upon a note, given by the defendant to the plaintiffs.

The defendant filed an account in set-off, for a stock of goods, for which he contended the plaintiffs were bound to account to him. Said stock of goods was conveyed by defendant to the plaintiffs by a mortgage duly executed and recorded on the third day of August, 1848, to secure the note in suit and two other notes. On the 28th day of September following, the plaintiffs, for better security, took possession of the goods under the mortgage. Subsequently, on the 30th day of the next October, the plaintiffs, while said mortgage was not foreclosed, commenced this action, and attached said mortgaged property.

The case was taken from the jury by consent, and the Court was authorized to render such judgment on default or nonsuit as the facts might require.

*G. F. Shepley*, for defendant.

1st. The entry of plaintiffs was to foreclose. *Hunt* v. *Stiles*, 10 N. H. 466. This case is to be distinguished from *Green* v. *Dingley*, 11 Shepl. 131.

2nd. Although the mortgagee may proceed by attachment, or under his mortgage, as he may elect, yet he must use this advantage in a legal manner, and so as not to violate any of the rights of the mortgager. *Buck* v. *Ingersoll*, 11 Met. 226. Plaintiffs in this case pursued both methods, and in a manner most onerous to defendant. They treated the property as both their own and his, at the same time.

3d. After plaintiffs had been in possession sixty days without payment on the part of the defendant, their right to the property became absolute by statute, and defendant's right to demand of them an account of the value of the goods at the time they took possession, became just as absolute.

4th. Foreclosure of a mortgage operates as payment of the debt to the value of the mortgaged property. *Hunt* v. *Stiles*, 10 N. H. 466; *Amory* v. *Fairbanks*, 3 Mass. 562; *Omaly* v. *Swan*, 3 Mason, 474; *Lansing* v. *Goelet*, 9 Cowen, 346; 4 Kent's Com. 183.

*M. M. Butler*, for plaintiff.

1st. The defendant as mortgager, must show that the mortgage has become foreclosed, and that the property has vested absolutely and indefeasibly in the plaintiffs as mortgagees, in order to hold them liable to account to him for the value of said goods in payment in whole, or *pro tanto* of said mortgage debt.

It is not enough for him to show merely that the plaintiffs took possession of the property. *West* v. *Chamberlin*, 8 Pick. 336; *Portland Bank* v. *Fox*, 19 Maine, 99.

The mortgage has never become foreclosed. The case finds, that "while said mortgage was yet subsisting and not foreclosed, said stock of goods was attached and taken into the custody of the law, where they have remained ever since." The property in said goods has never vested absolutely in plaintiffs.

The case does not find even, that there had been a breach of the condition of the mortgage, until this suit was commenced, (when of course one of the notes must have become due,) much less that the sixty days after said breach, allowed to the mortgager · of personal property by the R. S. c. 125, § 30, in which to redeem the property mortgaged, had elapsed. The sixty days in this case had not begun to run, or if the Court should be of opinion that the sixty days of redemption commenced running when plaintiffs took possession, viz. on the 28th of Sept., still only 32 days had elapsed when said attachment was made, on the 30th of the next October.

Could the goods have been attached as the property of the plaintiffs at any time between their taking possession, and said attachment? Could not any creditor of the defendant have attached as defendant's property, by tendering to plaintiffs the amount of their debt, as provided by R. S. chap. 114, § 70?

But even if this attachment was illegal and invalid, it does not affect the question whether the defendant has a right to charge the plaintiffs with the value of said goods by means of his account in set-off. The attachment did not operate in any way to foreclose the mortgage, and if it was illegal, and by making it the plaintiffs violated any of defendant's rights, he has his appropriate remedy against the plaintiffs, or the officer, and through him against plaintiffs in an action of trespass or replevin.

Nor can defendant waive *the tort,* (even supposing one to have been committed) and charge plaintiffs with the value of said stock of goods on implied contract, since plaintiffs have never converted said goods to their own use, or to money, or in any ways realized any benefit from them. *Wood* v. *Gould,* 5 Pick. 285.

2d. *The plaintiffs had a right to attach said mortgaged property to satisfy the mortgage debt, they waiving their rights under the mortgage.*

On general principles of law, one can waive a security made for his benefit.

And the mortgage once waived, and the property exposed and open, why cannot he who was once mortgagee attach this property as well as any other to secure his debt.

The very act of attaching, it has been decided, operates as a waiver of the pledge. *Swett* v. *Brown,* 5 Pick. 178.

Nor are any of the mortgager's rights violated by thus attaching. The property goes to pay the debt the same as it would, if the mortgage had been foreclosed.

" The mortgage," say the Court, in the case of *Porter* v. *King,* 1 Greenl. 299, " was intended to increase the certainty of the payment of the debt, *not to place any part of the*

*debtor's estate beyond the ordinary and common process of law."*

The case of *Buck & al.* v. *Ingersoll*, 11 Metc. 231, declares *a mortgagee of personal.property may waive his rights under the mortgage and attach the mortgaged property to satisfy the mortgage debt."*

If it is said, we have elected to claim under the mortgage by taking possession, we reply, the case finds, we took possession, not to foreclose but for " better security."

TENNEY, J. — A mortgage of personal property as well as of real estate, is collateral to the contract intended to be secured thereby, and *until foreclosure* will not of itself prevent a recovery of the full amount due upon the contract in a suit brought upon it. The right of possession, as in a mortgage of lands, is in the mortgagee, before as well as after the breach of the condition, unless controlled by an agreement between the parties ; and possession of the mortgagee prior to foreclosure, in no wise affects the right of redemption of chattels, by the mortgager. A mortgage of real estate becomes foreclosed in three years from the time possession is taken for condition broken. R. S. c. 125, § 6. The title of personal property mortgaged, becomes absolute in the mortgagee in sixty days after the breach of the condition. R. S. c. 125, § 30. And payment made within that time, will restore to the mortgager the property, if the mortgage still subsists, notwithstanding the possession may be in the mortgagee. *Ibid.*

It has been held in Massachusetts, that a mortgagee of personal property may waive his claim under the mortgage, and attach the property to secure his debt, if he see fit, without violating any of the mortgager's rights, or exposing him to any greater loss in consequence of such attachment. *Buck & al.* v. *Ingersoll*, 11 Metc. 226 ; and the attachment of mortgaged personal property on a writ, brought to recover the sum due upon the claim secured, extinguishes the lien. *Sweet* v. *Brown*, 5 Pick. 178. Consequently such property, so attached, is the property of the debtor, subject only to the attachment,

and the creditor has no title thereto, as an owner. After the attachment, the legal possession is in the officer who made it and the goods are in the custody of the law, and cannot be appropriated by the creditor to his own use, without the consent of the debtor, and he is not obliged to account for their value.

If the mortgagee of personal property, cannot legally waive his lien, so that an attachment upon the claim secured by the mortgage can be valid, the right of redemption will remain in the debtor, till foreclosure, and the mortgager cannot claim its value of the creditor, till that takes place.

The defendant does not resist the right of the plaintiff to maintain the action upon the note secured by the mortgage, for any balance due, after deducting the value of the property mortgaged, but insists that he is entitled to such deduction. The mortgage was recorded on August 3, 1848. The defendant retained possession of the property till Sept. 28, 1848, when the plaintiffs took it into their own hands for their better security; and on the 30th of October, 1848, the mortgage still subsisting and not foreclosed, he caused the same goods to be attached in this suit, upon the note secured by the mortgage, they claiming the right to waive the security.

Prior to the attachment, the goods were not absolutely the property of the plaintiffs, being subject to the right of redemption in the defendant, and the plaintiffs were not bound to account for their value in money. If the attachment was valid, it was because the previous lien upon the goods was extinguished; and it follows that the plaintiffs had no right to the property, excepting such as is acquired ordinarily by an attachment. If it was invalid, the plaintiffs had no greater right to the property, than he had before, and the relations of the parties and their several interests remained unchanged.

The defendant is to be defaulted, and judgment for the amount of the note declared on.