GEORGE A. WHITNEY *& als. versus* BENJAMIN W. FARRAR.

A mortgagee of personal property may waive his lien under the mortgage and attach the same property in a suit at law.

It is provided by statute, that the attachment of certain kinds of personal property may be preserved, without actual possession by the officer, if his attachment be recorded in the office of the town clerk; and, where this was done by a deputy sheriff, who afterwards voluntarily gave up the property and secured himself by taking a receipt therefor, if he neglect to deliver the same, on demand of an officer having the execution, the sheriff will be answerable for such default of his deputy.

EXCEPTIONS from the ruling of MAY, J., and on motion to set aside the verdict as against law and the evidence.

This was an action on the CASE, against the late sheriff of the county of Washington, for the default of his deputy in not delivering, on demand, certain property attached on the original writ, that the same might be taken to satisfy the execution.

*Granger & Dyer*, for the plaintiffs.

*B. Bradbury*, for the defendant.

The opinion of the Court was drawn up by

DAVIS, J. — The plaintiffs were mortgagees of a vessel on the stocks, during its construction. After the mortgage had been given, they sold to the builder, Seth G. Low, certain anchors, cables, and chains. The vessel was destroyed by fire while still unfinished; and the anchors, cables, and chains being saved, the plaintiffs caused them to be attached in a suit against Low. Whether they had been so attached to the vessel that the plaintiffs could have held them under their mortgage is not quite clear from the evidence. But that question is entirely immaterial; for a mortgagee may *waive* his lien under his mortgage, and attach the mortgaged property in a suit at law. *Libbey* v. *Cushman*, 29 Maine, 429.

The attachment was made by a deputy of the defendant. He at first caused his attachment to be recorded in the town clerk's office, as the statute provides for certain kinds of property; but he afterwards gave it up, taking an accountable receipt therefor. The plaintiffs recovered judgment in that suit; and the property was seasonably demanded of the attaching officer, upon the execution. For his default in not delivering it, this action is brought against the sheriff.

Upon the trial these facts were all admitted, or clearly proved; but the verdict was for the defendant.

Some instructions were given upon the degree of care which the attaching officer should have exercised in keeping

the property. As he voluntarily gave it up, and secured himself by taking a receipt, the instructions might have led the jury to believe that the question of *care* was before them, when it was not. But, as there is no pretence that any defence was shown to the suit, the verdict was clearly against the evidence; and it must be set aside for that reason.　　　　*Motion sustained. — New trial granted.*

APPLETON, C. J., CUTTING, KENT and WALTON, JJ., concurred.