FRANK H. DYCKMAN *vs.* ERICK SEVATSON.

August 17, 1888.

Action—Election between Inconsistent Remedies.—One who has voluntarily chosen and carried into effect an appropriate legal remedy, with knowledge of the facts and of his rights, will not, in general, be allowed to afterwards resort to an inconsistent remedy, involving a contradiction of the grounds upon which he before proceeded.

**Same—Chattel Mortgage—Attachment—Foreclosure.**—This principle applied to the case of a mortgagee of chattels seeking to recover the property by virtue of his title as mortgagee; he having previously, and after the maturity of the mortgage, caused the property to be taken under an attachment for the mortgage debt.

Appeal by plaintiff from an order of the district court for Cottonwood county, *Perkins*, J., presiding, granting a new trial.

*Geo. W. Somerville*, for appellant.

*Redding & Lane*, for respondent.

DICKINSON, J.    After the trial of this action, and a verdict for the plaintiff, the trial court granted a new trial, and the plaintiff appealed.    The action is for the recovery of personal property.    The property formerly belonged to one Erickson.    The plaintiff rests his right to the property upon a chattel mortgage given by Erickson to one Smith, in September, 1885, to secure a promissory note payable one year after that date.    The defendant's claim in respect to the property is under a subsequent chattel mortgage given by Erickson to one Ross, in November, 1885.    It appeared in the trial of this cause that in October, 1886, after the maturity of the prior mortgage, then held by the plaintiff, he commenced an action against the mortgagor, and the indorser of the note secured by the mortgage, to recover the amount of the same, in which action he procured a writ of attachment to be issued; and at his instance and under his instruction the mortgaged property in controversy was levied upon as the property of the mortgagor, Erickson.    In that action the plaintiff recovered judgment.    It did not appear that anything further was done with this property in that action, nor how it was freed from the custody of the sheriff under the attachment.    The question is here presented whether, by causing the property to be attached as the property of the mortgagor, the plaintiff did not elect a remedy upon grounds so inconsistent with his present claim of right to the property under his mortgage that the latter claim must be deemed to have been relinquished.

A point is raised by the appellant founded upon the fact that the affidavit and bond upon which the writ of attachment was issued were not offered in evidence.    This was not necessary for the pur-

poses of the defendant in this case. The question to which the proof was directed was as to whether the plaintiff had elected to pursue a course inconsistent with the cause of action now relied upon. He having delivered the writ to the sheriff, and directed its execution, and having thus caused the property to be seized, it will be presumed, as against him, that the writ was properly issued. He will not be heard to say, at least in the absence of proof, that his proceeding was unauthorized and of no legal effect.

It is a familiar principle that a person should not be allowed to avail himself of the advantages of inconsistent positions in respect to the same matter; and after one has voluntarily chosen and carried into effect an appropriate remedy, with knowledge of the facts and of his rights, this will, in general at least, preclude him from subsequently resorting to a different remedy, involving a negation or repudiation of the grounds upon which the former proceeding was based. See authorities collected in notes to *Smith* v. *Hodson*, 2 Smith, Lead. Cas. 126. The ground of recovery upon which the plaintiff's case in this action rests is inconsistent with that upon which he proceeded in causing the same property to be attached as the property of the debtor and mortgagor, and the principle above re-ferred to is applicable. *Evans* v. *Warren*, 122 Mass. 303; *Libby* v. *Cushman*, 29 Me. 429; *Haynes* v. *Sanborn*, 45 N. H. 429; *Butler* v. *Hildreth*, 5 Met. 49. The conclusion to be drawn from the facts shown in this record is that the plaintiff in the former action elected to treat the mortgaged property as the property of the debtor, and to pursue a proper legal remedy upon that theory. His mortgage was then mature. He had the legal title, subject only to a right of redemption. *Fletcher* v. *Neudeck*, 30 Minn. 125, (14 N. W. Rep. 513.) He had the right to take the property under his mortgage. He chose, however, to resort to another proper remedy for the collec-tion of his debt, and, as a step in the course of the procedure, to have the property attached, and taken into the custody of the law, as the property of the debtor. The attachment, made under the plaintiff's direction, was in effect an assertion of the debtor's ownership of the property. The property having now, in some way not shown by the record, come again into the possession of the debtor and his assigns,

a right to recover it under the mortgage is here relied upon; the cause of action being, in effect, a claim of ownership and right of possession in the plaintiff antedating the attachment.   The inconsistency of the two positions is obvious, and, at least in the absence of proof of any facts other than those to which we have referred, affecting the result, the plaintiff's former election, carried into effect by the attachment, should be treated as a waiver of his rights as mortgagee, in order that he might have the benefit of the attachment. Under what possible circumstances, if at all, the plaintiff might still be allowed to assert the rights of a mortgagee, we do not, of course, consider.

The plaintiff seeks to avoid the inference of inconsistency by the suggestion that the mortgagor's equity of redemption was subject to attachment.   If this were conceded, it would not help the plaintiff, for the entire property was attached.

The case would have been in more satisfactory form for our consideration if it had disclosed the grounds upon which the court below granted a new trial.

Order affirmed.