## COX *v.* HARRIS.

Opinion delivered June 19, 1897.

CHATTEL MORTGAGE—WHEN LIEN WAIVED.—Where the holder of a chattel mortgage brings suit upon the mortgage debt, and causes the mortgaged chattel to be levied upon under an attachment, which is prosecuted to a judgment against the mortgagor, he will be held to have waived his mortgage lien upon the property, and cannot subsequently assert it after the mortgagor has claimed the property as exempt. (Page 215.)

Appeal from Boone Circuit Court.

BRICE B. HUDGINS, Judge.

### STATEMENT BY THE COURT.

The appellee, Harris, was the owner of two mules, one of which he mortgaged to appellants, Cox & Denton, to secure payment of a promissory note he had executed to them. Cox & Denton, being indebted to Hill, Fontaine & Co., transferred the note and mortgage to them as collateral security. Afterward, J. P. Clendenin was employed by Hill, Fontaine & Co. to collect the note. He brought suit on the note against Harris in the name of Cox & Denton for the use of Hill, Fontaine & Co., and had an attachment issued and levied upon the mule included in the mortgage. Harris employed S. W. Woods, an attorney, to defend the attachment suit, and, to secure payment of his fee, gave him a mortgage upon the mule that had been attached, which had also been mortgaged to Cox & Denton. Appellants recovered judgment upon the note against Harris, and the attachment was sustained. Harris filed a schedule of his property, claiming the mule as exempt from execution. This claim of exemption was sustained, a supersedeas was issued against the order of sale, and the mule delivered to Harris. The appellants then brought this action of replevin, claiming the right to take possession of the mule under the mortgage executed to them by Harris. S. W. Woods claimed an interest in the mule under the mortgage from Harris to him, and was made a party defendant with Harris. Upon the trial the court gave the following among other

instructions to the jury: "If you believe from a preponderance of the evidence that the plaintiffs sued out a writ of attachment against the defendant, Harris, and levied the same on said mule, in an effort to make their debt, which was secured by a mortgage on said mule, this would waive the lien held by plaintiffs on said mule by virtue of said mortgage."

The verdict and judgment were in favor of the defendants.

*Rose, Hemingway & Rose*, for appellants.

There was no waiver of the mortgage lien by levying the attachment. 31 Ark. 109; 54 *id*. 457. A mere levy, relinquished before sale, could certainly have no such effect. The universal rule of law and equity is that notice of an unrecorded mortgage binds any subsequent lienor or purchaser. Jones, Chattel Mortgages, § 308. As to mortgages filed for record, a different rule prevails in this state; but that is only by statute. Sand. & H. Dig., §§ 5091, 5102, 5109; 61 Ark. 128. But this rule does not extend to this class of instruments. 54 Ark. 273 does not support the ruling below.

*Carmichael & Seawell, J. C. Floyd* and *S. W. Woods*, for appellees.

The mortgagee is the legal owner of the mortgaged personal property, and it is not subject to levy on attachment or execution for a debt of the mortgagor. Jones, Chat Mortg. (2 Ed.) § 555; Pingrey, Chat. Mortg. §§ 31, 814, 795; Boone, Mortg. § 266; 42 Ark. 236. By attaching they waived their mortgage lien, as they had a right to do. Drake, Att. (5 Ed.) §§ 35, 245; Pingrey, Ch. Mortg. § 808; 11 Met. 226; 51 Me. 418; 29 *id*. 429; Jones, Ch. Mortg. (2 Ed.) § 565; Cobbey, Ch. Mortg. § 746; 122 Mass. 303. *Actual* notice of an unrecorded mortgage is not sufficient; the mortgage must be recorded to be of any validity against strangers. 20 Ark. 190; 18 *id*. 105; 49 *id*. 457; 22 *id*. 136. The same rule applies to mortgages filed but not recorded. Sand. & H. Dig., §§ 5102, 5109; 52 Ark. 164; 39 *id*. 442. When the mortgage is withdrawn, it is no longer notice. Cobbey, Ch. Mortg. § 567; 25 Minn. 81; 24 Neb. 559; 10 Mich. 500; 40 Wis. 523.

RIDDICK, J., (after stating the facts.)    The question to be determined in this case is whether the appellants waived their mortgage lien by suing out an attachment against the mortgagor, and causing it to be levied upon the mortgaged property? It is a familiar principle of law that one is not, as a rule, allowed to avail himself of the advantages of inconsistent positions in a litigation concerning the same subject-matter.    *Dyckman* v *Sevatson*, 39 Minn. 132, 39 N. W. Rep. 73.

The appellants in this case held the note of Harris, which was secured by a mortgage upon the mule in controversy.    The note was past due, and appellants could have taken charge of the property, and sold it, under the power contained in the mortgage, but they elected, instead, to bring suit before a justice of the peace, and attach the property.    Now, so long as the mortgage lien existed, the mortgagor, Harris, had no interest in the mule subject to attachment, for mortgaged personal property is not subject to execution or attachment for a debt to the mortgagor.    *Jennings* v. *McIlroy*, 42 Ark. 236. But appellants had the right to waive their mortgage lien, and attach the property.    The levy of the attachment amounted to an assertion by appellants that the property was subject to seizure and sale under the attachment.    But, as this could not be true if the lien of the mortgage still existed, the levy of the attachment was the same as a denial on the part of appellants that the mortgage lien existed, and was in effect a waiver on their part of the lien created by the mortgage.    In other words, having sued out an attachment, levied it upon the property in question, and prosecuted the attachment suit to judgment, they must be held to have waived rights which were inconsistent with such a course of procedure.    The mortgage lien, being inconsistent with such attachment, was thereby waived, and appellants have nothing upon which to base their action of replevin.    *Evans* v. *Warren*, 122 Mass. 303; *Cochrane* v. *Rich*, 142 Mass. 15; *Whitney* v. *Farrar*, 51 Me. 418; *Haynes* v. *Sanborn*, 45 N. H. 429; *Dyckman* v. *Sevatson*, 29 Minn. 132; 39 N. W. Rep. 73; Jones, Chattel Mortgages (2 Ed.), § 565; Pingrey, Chattel Mortgages, § 808; Cobbey, Chattel Mortgages, § 746.

The case of *Whitmore* v. *Tatum*, 54 Ark. 457, cited by appellants, was a case where the mortgagee of real estate had

levied upon and sold the equity of redemption. In that respect there is a distinction between real and personal property, for the mortgagor's equity of redemption in real property may be sold under execution, but not so with his interest in mortgaged personal property. For this reason, neither of the cases cited by appellants conflict with the rule applied by the circuit court in this case. *Jennings* v. *McIlroy*, 42 Ark. 236; *Whitmore* v. *Tatum*, 54 *ib.* 457; *Rice* v. *Wilburn*, 31 *ib.* 109.

We have not overlooked the contention of appellants that, at the time the attachment was begun, they were not able to find out which one of the mules owned by Harris was covered by the mortgage. The two mules were similar in appearance. Harris refused to say which mule was covered by the mortgage, and appellants claim that, in this dilemma, the attachment was sued out and levied on both mules, to prevent Harris from taking them out of the state before they could ascertain which one was mortgaged. But whatever cause may have led appellants to bring a suit by attachment, instead of one for the possession of the mule, the proof clearly shows that, having commenced it, they had no idea of abandoning or dismissing such suit. They commenced their action, and caused the mule to be seized under the writ of attachment on the 17th of March, and obtained judgment on the 28th of March. During all the time the mule was held under the writ of attachment, appellants, so far as the proof discloses, made no further effort to find out which mule was covered by the mortgage, but continued to prosecute their right under the attachment until they obtained judgment and an order of sale. They only desisted when the property was declared to be exempt from sale under the attachment, and taken from the officer by an order of the justice of the peace. Having all this time actively asserted that the attachment was valid, it is now too late to assume the inconsistent position of treating it as of no validity. As the determination of this question disposes of the case, we find it unnecessary to consider the other points discussed by counsel. Finding no error, the judgment is affirmed.

Absent WOOD, J.