B. THOMAS POTTER *et al. vs.* ANNA E. GREENLEAF *et al.*

PROVIDENCE—NOVEMBER 24, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Equitable Lien.  Pledge.  Enforcement of Lien.*

Where by the terms of a lease furniture placed on the demised premises is
to stand pledged for all rent that may become due during the term, the
lien thereby created is merely an equitable lien and not a pledge.  Hence,
in seeking equitable relief, the bill should be framed to establish this
equitable lien, and for a sale of the property to satisfy it, instead of to
foreclose a pledge.

(2) *Waiver of Lien.  Election of Remedies.*

*Semble,* the holder of an equitable lien on personalty waives the lien by an
attachment of the property.

The remedy by attachment is inconsistent with the enforcement of such a
lien, and the attachment must be deemed an election of remedies.

BILL IN EQUITY to foreclose a pledge.  Heard on bill, de-
murrer, and plea.  Plea sustained.

(1)    MATTESON, C. J.  The complainants have framed their
bill on the theory that the lien in their favor, created by the
lease on household furniture and other property placed on the
demised premises by the lessee, was a pledge which it is the
purpose of the bill to foreclose.  In this we think that they
are mistaken, such a lien being merely an equitable lien and
not a pledge.  *Groton Mfg. Co. v. Gardiner,* 11 R. I. 626.
The bill should have been a bill to establish this equitable
lien and for a sale of the property to satisfy it, instead of a
bill to foreclose a pledge.

The respondent Stearns, besides demurring to the bill, has
filed a plea in bar of the bill, and the other respondents have
set up the same defence in their answers.  The case is before
us not only on the demurrer, but also on the sufficiency of
this plea.  The defence set up in the plea is that prior to the
filing of the bill the complainants brought their suit at law
against the respondent Greenleaf, in the Common Pleas
Division of this court for Providence county, to recover the
arrears of rent mentioned in the bill, and attached on the

writ in that suit all the property referred to in the bill and on which a lien is claimed.

(2)     We think the point is well taken, and that the plea must be held sufficient. The attachment of the property by the complainants must be regarded as a waiver of their equitable lien, since the remedy by attachment is inconsistent with the enforcement of such a lien, and by making the attachment they must be deemed to have elected that remedy. The attachment placed the property in the custody of the law and subjected it to the usual incidents which may follow upon an attachment, such as the right of other creditors to attach it subject to prior attachments, and the right of a mortgagee to apply to the court, in accordance with the statute in such case provided, for a sale of the property and the application of the proceeds in the first instance to the payment of the mortgage debt, as the respondent Thurber was doing when the bill was filed. It has been held that a mortgagee, even, whose interest in the mortgaged property is superior to that of the holder of a more equitable lien, waives his right to proceed under the mortgage by attaching the mortgaged property in a suit on the mortgage debt. *Haynes* v. *Sanborn*, 45 N. H. 429 ; *Evans* v. *Warren*, 122 Mass. 303 ; *Libby* v. *Cushman*, 29 Me. 429 ; *Whitney* v. *Farrar*, 51 Me. 418. In the first of these cases the court remarks : "If Sanborn had a valid mortgage he might have asserted his title as mortgagee by taking and holding possession of the goods and disposing of them under his mortgage. But when he attached the mortgaged property, he put it out of his power and control and placed it in the custody of the law. He thereby made it liable to subsequent attachments by other creditors . . . It is quite plain that the two remedies, by attachment and under the mortgage, are inconsistent and cannot be pursued at the same time and together." And again it is held that if a common carrier sues out and procures to be levied a writ of attachment against property on which he has a lien for freight, he thereby abandons and waives his lien. *Wingard* v. *Banning*, 39 Cal. 543. It is true that in the last case the statute required an affidavit to

be made by a party, as a condition precedent to the attachment, that his demand was not secured by any lien, pledge, or mortgage, and the defendant had made such an affidavit. But the court in its opinion proceeded not only on this ground, but also on the ground that if the defendant intended to rely on his lien and the property had been wrongfully taken from him, his appropriate remedy was by an action either to recover possession of the property or for its wrongful conversion, instead of instructing the sheriff to seize the property and hold it as security for his demand; and that by pursuing the latter course the defendant clearly abandoned his lien and elected to rely on his attachment as security.

Our opinion is that the plea is sufficient.

*Huddy & Easton*, for complainants.

*Harrison A. McKenney and Alfred Wilson*, for respondents.