### In re CHANTLER CLOAK & SUIT CO.

(District Court, D. Rhode Island. March 2, 1907.)

#### No. 489.

1. BANKRUPTCY—TITLE OF TRUSTEE—LIENS.

A trustee in bankruptcy takes the property subject to all the equities imposed upon it in the hands of the bankrupt which are not invalid as to creditors.

2 SAME—MORTGAGE ON AFTER-ACQUIRED PROPERTY—VALIDITY.

A chattel mortgage on property to be subsequently purchased by the mortgagor, given to secure the mortgagee as guarantor of the purchase price of such property, was based on a present consideration, and is valid as against the mortgagor's trustee in bankruptcy.

In Bankruptcy. On petition of the Lederer Realty Corporation for review of decision of referee.

Thomas A. Carroll and Walter. P. Suesman, for petitioner.
J. Jerome Hahn, for mortgagee.

BROWN, District Judge. The trustee in bankruptcy takes the property subject to all the equities imposed upon it in the hands of the bankrupt which are not invalid as to creditors. York Mfg. Co. v. Cassell, 201 U. S. 344, 352, 26 Sup. Ct. 481, 50 L. Ed. 782; First National Bank v. Staake, 202 U. S. 141, 149, 26 Sup. Ct. 580, 50 L. Ed. 967; Thompson v. Fairbanks, 196 U. S. 516, 526, 25 Sup. Ct. 306, 49 L. Ed. 577. The latter case also decides that, on the question of the validity of a mortgage upon after-acquired property, the federal court will follow the decisions of the state court.

Under Rhode Island decisions, an equitable lien or charge upon the after-acquired property arose as soon as the property was acquired. Groton Mfg. Co. v. Gardiner, 11 R. I. 626, and cases cited. See, also, Central Trust Co. v. Kneeland, 138 U. S. 414, 419, 11 Sup. Ct. 357, 34 L. Ed. 1014; Wade v. Chicago, Springfield, etc., R. R., 149 U. S. 327, 341, 13 Sup. Ct. 892, 37 L. E. 755; Bear Lake Irrigation Co. v. Garland, 164 U. S. 1, 15, 17 Sup. Ct. 7, 41 L. Ed. 327; Fisher v. Zollin-

ger (C. C. A.) 149 Fed. 54; Benjamin on Sales (5th Ed.) 134. When the bankrupt mortgagor acquired the property, the mortgagee immediately became liable as guarantor for its value, and equitably entitled to a lien corresponding to her liability as guarantor. Such a lien clearly is not voidable as a preference, since it is based upon a present consideration.

I am of the opinion that, as a court of bankruptcy acts upon principles of equity, it must be held, irrespective of whether the mortgagee took possession under the mortgage, that an equitable lien arose in favor of the mortgagee upon the after-acquired property, which was for a present consideration and therefore not invalid as to creditors, and that the lien of the mortgage attaches to the proceeds of the sale of after-acquired property as well as to the proceeds of property in the bankrupt's possession at the date of the mortgage.

It is urged that, even if the claimant had an equitable lien, it may have been waived by an attachment. See Potter v. Greenleaf, 21 R. I. 483, 44 Atl. 718. This contention apparently was not made before the referee, and the testimony cited is too vague to establish the fact of waiver. I find no error in the referee's decision.

The finding of the referee is affirmed.