## JONES *v.* GRAHAM.

Opinion delivered April 11, 1910.

APPEAL AND ERROR—INCONSISTENT POSITIONS.—Where a mortgage sale conducted by a commissioner was set aside by the chancellor and the purchase money refunded to one of the two purchasers, who were partners, the other partner is not in a position to ask this court to confirm the sale of the land.

Appeal from Ashley Chancery Court; *Zachariah T. Wood,* Judge; affirmed.

#### STATEMENT BY THE COURT.

The facts of this case, so far as it is necessary to state them, are substantially as follows: Benjamin Graham, trustee for the American Freehold & Mortgage Company, brought suit in the Ashley Chancery Court to foreclose a deed of trust executed by Princehouse & Barr to the Mortgage Company on certain wild lands, to secure an indebtedness to the company. The suit progressed to a decree of foreclosure, and appellee Hendrix was appointed commissioner to sell the lands and report his proceedings to the next term of the court.

On the 18th day of November, 1907, the commissioner filed his report with the clerk of the Ashley Chancery Court, wherein he reported that as such commissioner, after giving due and

legal notice of the time, place and terms, as provided by the original decree herein, he made sale of said lands to Jones & McCarver, they being the highest and best bidders at said sale, offering the price of $1,000, said sale being made on the 27th day of July, 1907; the purchasers electing to furnish the said sum of $1,000, the amount of their bid, in cash, in lieu of giving bond for the purchase money.

At the November term, 1907, of the Ashley Chancery Court, the original plaintiff, Benjamin Graham, filed exceptions to the commissioner's report, and asked that the report of the commissioner be stricken from the files because—

1. That the decree was erroneously entered because the plaintiff had agreed to accept a deed conveying the land from defendant in full settlement of claim under decree.

2. That the commissioner sold the lands for grossly inadequate price.

3. That lands were erroneously described in decree as being in range 4, instead of range 5.

S. S. McCarver and W. B. Jones were allowed to intervene and file what is designated an answer to the exceptions of the plaintiff, Benjamin Graham, to the commissioner's report. They set up that J. M. Hendrix as special commissioner proceeded to execute the order of foreclosure by selling the lands described as follows: Southeast quarter, southeast quarter, section 20, southwest quarter section 21, all of section 28, in township 18 south, range 5 west; that he sold the above lands in obedience to the orders of the court, and that McCarver & Jones purchased same, paying to the commissioner the purchase money; that the commissioner had made his report of sale to the court setting forth facts and showing a compliance with the decree of the court ordering foreclosure. They further set up, that on the 19th day of November, 1907, in open court the plaintiff in the original suit filed exceptions to said report, stating, in substance, that after the decree herein, and before the day of sale, the original defendants herein had executed a deed to one John M. Rose in full satisfaction of the said debt, which deed they allege was made on the 16th day of July, 1907, and recorded on August 8, 1907. These interveners say that John M. Rose was one of the attorneys of the plaintiff in the orig-

inal suit, is now, and was at the time of the deed referred to. They deny that this deed was made as stated on the 16th day of July, 1907. They deny that there was a previous agreement between the parties before said decree was entered that this deed should be made.

These interveners further state that they purchased said land in good faith, and have paid for same; that said sale was fair, and that the report should be approved by this court and the commissioner required to execute deed. They further deny that said land was sold at a grossly inadequate price. That, as to exceptions Nos. 4 and 5, these are matters which the court can and should correct by *nunc pro tunc* order, making the record speak the truth in this: that the land ordered to be sold was to satisfy a judgment of $3,500, with interest at eight per cent. from date of contract, said land being situated in range five instead of range four, as shown by decree.

On the hearing of the issue raised by the exceptions to the report of the commissioner and the answer thereto of McCarver & Jones, it appeared that, pending the foreclosure suit, certain negotiations were had between the parties to the foreclosure suit whereby it was agreed that the defendants, the debtors, would convey one of the tracts of land included in the suit to J. M. Rose, as trustee for the mortgage company, the plaintiff, in satisfaction of the debt that was secured by that particular tract. This agreement was pending, but the attention of the court was not called to it, and the decree of foreclosure embraced the tract that the parties defendant had agreed to convey to the mortgage company, the plaintiff, and was sold and purchased as set forth in the report of the commissioner by McCarver & Jones. The deed was executed in accordance with the agreement of the parties. It was shown by the attorneys for both parties that the decree embracing the lands sold to McCarver & Jones was entered through inadvertence, that it was not intended that this tract should be embraced in the decree. The chancellor, after hearing the evidence, took the matter under advisement until the next term of the court. In the meantime, in view of the fact that Jones & McCarver had actually paid their bid in cash, there was an understanding or agreement that, as soon as the chancellor should reach a conclusion, he was

to notify the attorneys for the respective parties without waiting until the next term of the court. The object of this understanding was to permit the commissioner to return the money to the purchasers at once, and not keep them out of the use of it until the next term of court, if the sale was to be set aside. In a short while the chancellor notified the parties that the sale would not be confirmed, and the commissioner paid the thousand dollars over to McCarver, a member of the firm of Jones & McCarver. He filed a report of the transaction, to which he attached a receipt for the money signed by Jones & Mc-Carver, by S. S. McCarver. Jones filed a motion asking the court to require the commissioner to bring the money into court and praying that in default of such payment into court the sale to Jones & McCarver be approved and confirmed. The court made an order requiring the commissioner to bring the money into court.

Considerable testimony was taken on the question as to whether the commissioner should have paid the money to Mc-Carver of the firm of McCarver & Jones, which we deem it unnecessary to set out in detail. The court on this issue found that the commissioner had paid the money "to the parties entitled thereto," and discharged the commissioner from any liability therefor.

The final decree of the court was that the sale be not confirmed, and that the report thereof be stricken from the files of the court. Jones excepted, and prayed an appeal, which was granted.

*J. E. Bradley,* for appellant Jones.

A sale will not be set aside for inadequacy of price unless the inadequacy be so gross as to shock the conscience or raise a presumption of fraud. 78 Ark. 218; 56 Ark. 240; *Id.* 502; 20 Ark. 318; 117 U. S. 180; 108 Ala. 140; 9 Bush 285; 61 Miss. 78; 44 Ark. 502; 3 Fed. 689; 67 Ill. 513; 11 Okla. 429; 132 Ala. 650; 32 So. 718; 107 Pa. 717; 77 N. W. 515; 36 Kan. 437; 10 Wis. 132; 2 Paige 99; 9 Paige 259; 183 Pa. 88; 24 Col. 382; 139 Mo. 190; 40 S. W. 764; 67 Vt. 563; 80 Md. 247; 165 Pa. 248; 82 Ind. 649; 54 Kan. 622; 32 S. W. 1088.

*John M. Rose* and *Coleman & Lewis,* for appellee Graham.

Jones necessarily had to turn loose either the money or the land. He could not hold both. 83 Ark. 306; 57 Ark. 638; 64 Ark. 213; 75 Ark. 51.

*George & Butler,* for appellee.

WOOD, J., (after stating the facts). Jones appeals from the decree of the court refusing to confirm the report of sale of the commissioner and striking the report from the files. He does not appeal from that part of the decree approving the report of the commissioner showing that the money paid by the firm of McCarver & Jones for the purchase of the land had been returned to McCarver, a member of that firm, while the partnership still existed. The receipt of the money by McCarver bound Jones. He did not appeal from the decree of the court exonerating the commissioner for paying over the money to McCarver (of the firm of McCarver & Jones) and discharging the commissioner from all liability on that account. The money which his firm paid for the land having been returned, Jones is not in an attitude to ask that the sale of the land also to his firm be confirmed. He can not have both the money and the land. He cannot "eat his cake and have it," too. Another view of the case is that Jones moved to have the commissioner bring the money into court for the purpose of having that money turned over to him, instead of McCarver. The testimony before the chancellor on Jones's motion to have the money brought into court shows that he was claiming the money as his own, and that the commissioner should have paid same to him, instead of to McCarver. By his motion then, conceding that he has appealed from the ruling of the court on that issue, he is here insisting that the one thousand dollars be paid over to him for his individual benefit, and at the same time he is also insisting that the sale of the commissioner be confirmed. His positions are inconsistent. *French* v. *Vanatta,* 83 Ark. 306; *McDonald* v *Hooker,* 57 Ark. 638; *Cox* v. *Harris,* 64 Ark. 213; *Cook* v. *Martin,* 75 Ark. 51.

The decree is affirmed.