J. I. CASE THRESHING MACHINE COMPANY, Respondent, vs.
JOHNSON, Trustee, Appellant.

*December 13, 1912—January 7, 1913.*

*Chattel mortgages: Equity of redemption: Levy of execution by mortgagee upon mortgagor's interest: Election of remedies: Release of mortgage title.*

1. Where, as in this state, a mortgagor of chattels has an equity of redemption therein even after maturity of the debt, he has an interest which may be levied upon and sold by his creditors, and the mortgagee occupies as good a position in that respect as any other creditor.
2. Where the holder of a chattel mortgage recovered a judgment for the mortgage debt and levied execution upon the mortgaged property and advertised for sale the mortgagor's interest therein, but before the sale released said levy, such proceedings were consistent with an intention not to surrender his mortgage interest, and hence did not constitute an election of remedies releasing the mortgage title.

APPEAL from a judgment of the circuit court for Trempealeau county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

Action to recover personal property. The pleadings presented the question of whether the title to such property was in plaintiff or in the defendant Rice or his trustee in bank-

ruptcy.  The case was submitted on the following, among others facts:

Rice gave plaintiff a chattel mortgage on the property to secure payment of his indebtedness, evidenced by a promissory note mentioned therein.  The mortgage was duly filed. It contained all the usual provisions.  After maturity of the note plaintiff duly recovered judgment thereon against Rice. Such judgment, at plaintiff's request, was enforced by issuance of an execution, levy thereunder upon the mortgaged property in the possession of Rice, and advertisement for sale of his interest therein.  Before the day for the sale the levy was duly released.  Demand was then made on behalf of plaintiff for possession of the property under the chattel mortgage and was refused.  This action was commenced to recover the same, plaintiff relying upon its mortgage.  During the occurrences mentioned,—and some ten months after the mortgage was given,—Rice was duly adjudged a bankrupt.  The trustee in the bankruptcy proceedings became an intervener in this action and claimed to succeed to all rights of Rice to the property.  The mortgage indebtedness was unpaid when the action was commenced and remained so down to the time of the trial.

On such facts the court held that plaintiff was entitled to recover.  Judgment was rendered accordingly.

For the appellant there was a brief by *John F. Kulig,* and oral argument by *R. S. Cowie.*

For the respondent there was a brief by *Ekern & Eggum,* and oral argument by *O. J. Eggum.*

MARSHALL, J.  The sole question for decision is this: In case the holder of a chattel mortgage recovers a judgment for the mortgage indebtedness and enforces it by an execution, levy, and an advertisement for sale of all the mortgagor's interest in such property, is that an election of remedies releasing the mortgage title?

There are many authorities supporting the affirmative of the proposition. *Evans v. Warren,* 122 Mass. 303, and *Dyckman v. Sevatson,* 39 Minn. 132, 39 N. W. 73, are good types thereof. There are also many authorities supporting the negative. The following are good types thereof: *Byram v. Stout,* 127 Ind. 195, 26 N. E. 687; *Barchard v. Kohn,* 157 Ill. 579, 41 N. E. 902. The great weight of authority, especially of recent origin, and the better reasoning are in harmony with the latter. It is fast coming to be generally accepted that where the mortgagor is recognized, as here, to have an equity of redemption, even after maturity of the debt,—*Flanders v. Thomas,* 12 Wis. 410; *Smith v. Coolbaugh,* 21 Wis. 427,—he has an interest in the property which may be mortgaged by him or levied upon and sold by his creditors, and that the mortgagee is in no worse position in that respect than any other creditor. In this state there is no written or unwritten law on the subject. Therefore the court is free to adopt the rule which to it seems best.

There can be no waiver without actual or implied intent to waive. That is elementary. The intent may be actual, or conclusively presumed from conduct without any element of estoppel. That also is elementary. Such intent is conclusively presumed when a party chooses one of two plainly inconsistent remedies. Such is not the case in the circumstances in question. The mortgagee's pursuit of the interest in the mortgaged property retained by his mortgagor, is consistent with intention not to surrender his mortgage interest. Such proceedings as were taken by the mortgagee here, to collect his claim by action, remembering that as to the particular case such proceeding went no further than a levy which was released, are merely aimed at the mortgagor's interest and may consistently recognize the co-existence of the mortgage title, so the reason for the rule that by taking one course the right to take a different and inconsistent one is waived and lost, does not apply.

*By the Court.*—The judgment is affirmed.